## LEEDS *a.* BROWN.

*Supreme Court, First District; Special Term, November,* 1857.

### ADVERSE PARTY.—EXAMINATION OF, BEFORE TRIAL.—HOW PROCURED.

Under section 391 of the Code, either party to an action may examine the adverse party as a witness, either before or at the trial, at his option.

He may procure this examination before the trial, at any time, on giving notice merely, provided the notice be at least five days.

Upon good cause shown, he may be allowed, by an order to that effect, to give a shorter notice.

Examination of defendant before trial, on behalf of plaintiff.

Roosevelt, J.—On a reconsideration of the question of practice presented in this case, I am inclined to think that the views taken by the plaintiff's counsel are correct. A seeming incompatibility no doubt exists in two sections of the Code under review (*Code*, §§ 390, 391). The first provides in effect that an adverse party may be examined as a witness at the trial, or on good cause shown before the trial. In the latter case, however, the testimony taken is conditional: that is, it is to be used only in the event of the party's absence when the trial is had. The next section, however, declares that " the examination, instead of being had at the trial, may be had at any time before the trial," thus imposing no condition. Instead of requiring good cause to be shown *for* the examination, it expressly requires good cause to be shown *against* it. The burden is reversed;— the examination is at the option of the party claiming it, unless for good cause shown the judge order otherwise.

Even this prerequisite is somewhat doubtful. There is plausibility in the suggestion that it applies only to the notice, giving to the judge power to enlarge or diminish the time. The language is, that the examination before the trial may be had on a previous notice to the party to be examined, and any other adverse party (that is, to all parties in the action), of at least five days, unless good cause be shown to the judge, and he order otherwise. Does this last expression mean that the act may be done unless otherwise ordered? Or does it mean that the act may be done on five days' notice, unless the judge shall order some other notice, longer or shorter, according to the exigency of the case as presented? The latter interpretation would seem to be more in harmony with the spirit of the Code, and especially with the general provision which fixes the notices necessary for motions, but allows the judge nevertheless to prescribe a shorter time (*Code*, § 402).

There is a fitness, moreover, in allowing a discovery from the party before the trial. It may, and in most cases no doubt will, greatly narrow the matters to be controverted, and, as a consequence, save much time and expense in the attendance of other witnesses. It presents, too, the substance of the old remedy by bill of discovery, which, when used, always preceded the trial.

That remedy in its substance was not intended to be taken away. As an independent action in aid of the prosecution or defence of another action it was repealed (*Code*, § 389), but not as an auxiliary proceeding, summary and informal, in the same action. (See Taggard *a*. Gardner, 2 *Code R.*, 82.)

The result is, that either party has the option of examining his adversary as a witness before instead of at the trial;—that he may do so at any time and on notice merely, provided the notice be one of at least five days;—and that on good cause shown, and obtaining a previous order, he may be allowed to give even a shorter notice.

Ordered accordingly, that defendants attend and be examined on five days' notice, no reason being assigned for abridging the time prescribed.

---

## THE PEOPLE *a*. HOLMES.

*Supreme Court, First District; Special Term, November,* 1857.

### WRIT OF ERROR.—STAY OF PROCEEDINGS.

A writ of error to bring a judgment of the Court of General Sessions into the Supreme Court for review, issues as matter of right.

It is discretionary with the court to grant a stay of proceedings on a judgment in a criminal cause, pending a writ of error; and the power should only be exercised upon good cause shown.

In general, a stay should not be granted where the writ of error is based on technical objections not affecting the substance of the crime charged.

Application for a writ of error to review a judgment of the Court of General Sessions, together with stay of proceedings upon the judgment pending the writ.

The facts are stated in the opinion of the court.

*Jonas B. Phillips*, for the application.

ROOSEVELT, J.—Holmes, it appears, was convicted and sentenced in the General Sessions for the crime of forging his wife's